UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL HENRY | CIVIL ACTION |
| VERSUS | NO. 02-0968 |
| UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE | SECTION "N" |

## ORDER AND REASONS

On April 30, 2007, this Court entered a judgment reflecting the jury verdict rendered on December 5, 2006 (Rec. Doc. No. 248-4), the Court's oral rulings rendered at the February 28, 2007 hearing on post-trial motions (Rec. Doc. No. 278), and all of the other rulings rendered in this matter. *See* Judgment (Rec. Doc. 285). On May 6, 2008, the United States Court of Appeals for the Fifth Circuit affirmed the Court's judgment. *See Henry v. United States of America, Internal Revenue Service*, No. 07-30581, 277 Fed. Appx. 429, 2008 WL 1976616 (5th Cir.). Since the Fifth Circuit's ruling, Plaintiff has filed a barrage of motions – many of which are duplicative.[1] The Court rules on a number of these motions as stated herein. The Court also addresses the Government's motion seeking a declaration of satisfaction of judgment.

---

[1] Plaintiff also has filed a second lawsuit in this Court, *Henry v. United States of America, Internal Revenue Service*, Civil Action Number 09-5620, and has filed numerous motions in that matter. On January 11, 2010, the Court was compelled to order in both action that Plaintiff cease and desist filing duplicative and repetitive motions or suffer the imposition of sanctions, including, but not limited to, payment of excess costs, expenses, and any attorney's fees under 28 U.S.C. §1927. *See* (Rec. Doc. 377).

**I.      Motions for Recusal (Rec. Docs. 324, 325, 331, 337, 338, and 349)**

Having carefully reviewed Plaintiff's motions, the Court does not find any of these motions to merit recusal under 28 U.S.C. §455(a) or otherwise. To the contrary, these motions primarily urge legal rulings that were reviewed and affirmed on appeal by the Fifth Circuit and/or were rejected as part of the Fifth Circuit's consideration of Plaintiff's judicial misconduct complaints against the undersigned. *See Henry v. United States of America, Internal Revenue Service*, No. 07-30581, 277 Fed. Appx. 429, 2008 WL 1976616 (5th Cir.). Accordingly, **IT IS ORDERED** that Plaintiff's motions for recusal (Rec. Docs. 325, 331, 337, 338 and 349) are **DENIED**.

**II.     Motion for Removal of Federal Judge Kurt Engelhardt Under 28 U.S.C. §144 for Violation of Federal Law and Judicial Misconduct for Failure to Report Murphy's Conduct to the Proper Authorities (Rec. Doc. 340)**

Plaintiff's motion does not include the affidavit required by 28 U.S.C. §144. Nor does the motion assert the personal bias or prejudice required for that statute. *See Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990). To the contrary, these motions primarily urge legal rulings that were reviewed and affirmed on appeal by the Fifth Circuit and/or were rejected as part of the Fifth Circuit's consideration of Plaintiff's judicial misconduct complaints against the undersigned. *See Henry v. United States of America, Internal Revenue Service*, No. 07-30581, 277 Fed. Appx. 429, 2008 WL 1976616 (5th Cir.). Accordingly, **IT IS ORDERED** that Plaintiff's motion (Rec. Doc. 340) is **DENIED**.

**III.    Motions for Sanctions (Rec. Docs. 316, 321, 324, 326, 335, and 338)**

Having carefully considered several of Plaintiff's numerous motions for sanctions, **IT IS ORDERED** that the motions bearing record document numbers 316, 321, 324, 326, 335, and 338

are **DENIED** and, unless expressly authorized by the Court, are *not* to be re-urged.[2] Plaintiff's contentions are precluded by this Court's April 30, 2007 Judgment and the Fifth Circuit's May 6, 2008 opinion, or otherwise lack merit. *See* April 30, 2007 Judgment (Rec. Doc. 285); *Henry v. United States of America, Internal Revenue Service*, No. 07-30581, 277 Fed. Appx. 429, 2008 WL 1976616 (5th Cir.).

In particular, the Court emphasizes that it previously found that it had no jurisdiction over the matter referred to in the April 30, 2007 Judgment as the "2004 additional tax assessment for the 1999 tax year." For that reason, the Court dismissed *without prejudice* any claim urged as part of this action regarding that additional tax assessment.[3] These rulings were included in the Court's April 30, 2007 Judgment *and* affirmed by the Court of Appeals. *See Henry*, 277 Fed. Appx. at 434, 2008 WL 1976616, *4.

Further, with respect to the conduct of counsel, the Court does not find an evidentiary hearing as urged by Plaintiff to be necessary or appropriate. The Court likewise finds no basis for concluding that Attorney Lynne Murphy suborned perjury during the trial of this dispute. The same is true with Plaintiff's assertions that (1) Ms. Murphy and other Tax Division attorneys should be disqualified from this proceeding; (2) that Ms. Murphy has tried to mislead the Court and conducted herself in a manner warranting professional discipline; and (3) that Ms. Murphy has tampered with or unlawfully withheld evidence. Nor does the Court find any basis for determining that James Letten, United States Attorney for the Eastern District of Louisiana, has acted or failed to act in a

---

[2] Many, if not most, of these motions are almost identical.

[3] In other words, neither the jury nor the undersigned decided the merits of the 2004 additional tax assessment as part of this proceeding.

manner warranting professional discipline or judicial sanction by this Court. Plaintiff also is reminded that, while judges must always remain neutral regarding proceedings over which they preside, attorneys for opposing parties are *not* charged with that particular obligation. Rather, their role is to *advocate* the interests of their clients within the confines of their own legal, ethical, and professional obligations. Additionally, it is not the right or obligation of the undersigned to qualify, or disqualify, attorneys for practice before *other* jurisdictions.[4]

Finally, the Court *strongly* condemns the inappropriate, irrelevant, and insulting comments regarding Ms. Murphy that are repeated throughout many of Plaintiff's submissions. Plaintiff is ordered to immediately cease this conduct. Failure to do so shall result in filings being stricken from the record and the imposition of sanctions.

IV. **United States of America's Motion for Relief from Judgment and for Entry of Order Directing Clerk To Enter Satisfaction of Judgment (Rec. Doc. 317)**

The Government's motion maintains that the IRS has credited the $122,839.00. award reflected in the April 30, 2007 Judgment against Plaintiff's outstanding federal income tax liability for the period ending December 31, 1999. As such, the Government asks the Court to enter an order declaring the judgment satisfied and directing the Clerk of Court enter a satisfaction of judgment. Plaintiff opposes this request in several of his numerous filings. On the showing made, **IT IS ORDERED** that the motion (Rec. Doc. 317) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the motion is granted insofar as the Court acknowledges that the IRS has issued a "Notice of Adjustment" regarding tax year 1999 to Plaintiff that reflects a "Decrease in Tax"

---

[4] Several of Plaintiff's motions raise the pendency of his appeal of a criminal proceeding over which Chief District Judge Sarah Vance presided. *See United States v. Henry*, Criminal Action No. 08-19 (E.D. La.). That appeal has since been dismissed by the Court of Appeals. *See United States v. Henry*, No.08-30719 (5th Cir. 2009).

in the amount of $122,839.00.[5]  It presently is denied, however, with respect to the entry of a "Satisfaction of Judgment" into the record of this action.

In making the latter determination, the Court notes that the April 30, 2007 Judgment ordered that Plaintiff "recover an overpayment of federal income taxes in the amount of $122,839.00, plus statutory interest thereon as is required by law."  Neither the "Notice of Adjustment" nor the Government's memorandum, however, addresses Plaintiff's entitlement to interest, if any, on the $122,839.00 overpayment.  In addition, it is not entirely clear, from the showing made, that the pendency of a tax court proceeding regarding the 2004 assessment (Docket Number 017055-08L) does not presently render the requested declaration premature or otherwise inappropriate.[6]

## V. Motion for Writ of Execution (Rec. Doc. 319)

**IT IS ORDERED** that Plaintiff's "Praecipe" requesting the issuance of a writ of execution on the April 30, 2007 judgment (Rec. Doc. 319) is **DENIED**.  Even if such relief is otherwise available against the Government,[7] it is not sufficiently apparent, from the showing made, that Plaintiff is legally entitled to have the amount of the April 30, 2007 Judgment paid to him, rather than being credited against any remaining unpaid income tax liability.  Thus, while the Court presently declines to enter the "Satisfaction of Judgment" requested by the Government, it likewise denies Plaintiff's request for a writ of execution.

---

[5]  *See* Exhibit A to Government's memorandum (Rec. Doc. 317

[6]  Given this resolution of the Government's motion, the Court presently denies Plaintiff's requests that it issue subpoenas to personnel allegedly involved with the decision to offset the refund awarded to Plaintiff and/or the issuance of the Notice of Adjustment.  *See* Rec. Doc. 326.

[7]  The Court does not decide this question.

In conclusion, the Court notes that several additional motions remain pending in this matter, as well as Civil Action 09-5620. Rulings on these motions will issue shortly. In the meantime, Plaintiff is reminded that he is not to file duplicative and repetitive motions in these actions, including with respect to matters addressed in this Order and Reasons. As previously stated in the Court's January 11, 2010 Order (Rec. Doc. 377), failure to comply with this directive may result in any additional such filings be stricken from the record and the imposition of sanctions, including, but not limited to, payment of excess costs, expenses, and any attorney's fees reasonably incurred by the Government because of Plaintiff's unreasonable and vexatious conduct. *See* 28 U.S.C. §1927.

New Orleans, Louisiana, this 29th day of March 2010.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**