UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL HENRY | CIVIL ACTION |
| VERSUS | NO. 02-0968 |
| UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE | SECTION "N" |

## **ORDER AND REASONS**

On April 30, 2007, this Court entered a judgment reflecting the jury verdict rendered on December 5, 2006 (Rec. Doc. No. 248-4), the Court's oral rulings rendered at the February 28, 2007 hearing on post-trial motions (Rec. Doc. No. 278), and all of the other rulings rendered in this matter. *See* Judgment (Rec. Doc. 285). On May 6, 2008, the United States Court of Appeals for the Fifth Circuit affirmed the Court's judgment. *See Henry v. United States of America, Internal Revenue Service*, No. 07-30581, 277 Fed. Appx. 429, 2008 WL 1976616 (5th Cir.). Since the Fifth Circuit's ruling, Plaintiff has filed a barrage of motions – many of which are duplicative.[1] On March

---

[1] Plaintiff also has filed a second lawsuit in this Court, *Henry v. United States of America, Internal Revenue Service*, Civil Action Number 09-5620, and filed numerous motions in that matter. On January 11, 2010, the Court was compelled to order in both actions that Plaintiff cease and desist filing duplicative and repetitive motions or suffer the imposition of sanctions, including, but not limited to, payment of excess costs, expenses, and any attorney's fees under 28 U.S.C. §1927. *See* Rec. Doc. 377. On June 8, 2010, the Court dismissed the second suit. *See* Civil Action 09-5620, Rec. Docs. 55 - 56.

29, 2010, the Court ruled on several of these motions. See Rec. Doc. 381. The Court now addresses additional motions as stated herein.

I. **Motion for New Trial on the Basis Issue (Rec. Doc. 366)**

Plaintiff maintains that he is entitled to a new trial in this matter because defense counsel, Lynne Murphy, purportedly presented fabricated and falsified evidence to the jury. This argument, which is similarly made in several of Plaintiff's other pending motions, apparently stems from correspondence that he received from the IRS in October and December 2006.[2] As the Court understands, Plaintiff essentially contends that the Government ignored the April 15, 2007 statute of limitations upon which the parties had agreed,[3] and instead improperly and prematurely closed the 2002 tax year so as to preclude him from administratively re-urging his carryback claim in a timely fashion. The Court has carefully considered Plaintiff's assertions and, indeed, spent a significant number of hours poring over Plaintiff's motion, supporting memorandum, various other of Plaintiff's submissions, and the Government's responses thereto. For essentially the reasons set forth in the Government's "Substantive Response" (Rec. Doc. 392), **IT IS ORDERED** that Plaintiff's motion for new trial is **DENIED**.

As the Government explains, it appears that the October 26, 2006 letter from IRS agent Jeanne Gavin to Plaintiff provides the essential premise for Plaintiff's assertions.[4] According to the Government, however, Lynne Murphy had no knowledge of that letter until several months

---

[2] *See* October 26, 2006 and December 19, 2006 correspondence (Rec. Docs. 366-3, pp. 4 of 12 and 8 of 12).

[3] *See* December 2005 "Consent to Extend the Time to Assess Tax" (Rec. Doc. 366-3, p. 6 of 12).

[4] *See* October 26, 2006 correspondence (Rec. Docs. 366-3, p. 8 of 12).

2

after the December 2006 trial in this matter,[5] the letter was not offered or listed as a trial exhibit, and the letter was not directly relevant to the specific tax year 1999 issues being decided by the jury. Indeed, as the Government emphasizes, once Plaintiff withdrew his 2002 carryback claim, and relatedly dismissed Counts 8, 9, and 10 from this litigation, it was unnecessary for Ms. Murphy to be involved in matters pertaining to Plaintiff's 2002 tax year.

The Government's latest submission likewise explains that, in accordance with IRS policies, Plaintiff was given 10 days from August 18, 2006, to agree to extend the April 15, 2007 statute of limitations until April 15, 2008, but failed to do so.[6] Then, in October 2006, the IRS (based on the information then before it) had no additional administrative matters to determine relative to tax year 2002. Accordingly, it accepted Plaintiff's return with the changes noted in the report accompanying the October 2006 letter and administratively closed the year.[7] Thereafter, in December 2006, when Plaintiff sought to extend the April 15, 2007 deadline until April 15, 2008, the IRS declined. As the Court understands, the relevant personnel apparently thought that the December 2006 jury verdict had provided Plaintiff with sufficient information to properly re-submit his 2002 carryback claim prior to the April 15, 2007 deadline.[8] The Government

---

[5] The Government's response, which was prepared by Ms. Murphy, indicates that she first became aware of the letter in October 2007. *See* Government's Substantive Response in Opposition filed by All Defendants Regarding Motion for New Trial and In Response to the Court's Orders entered on May 20, 2010, and June 7, 2010 (Rec. Doc. 392 at p. 3).

[6] *See* August 18, 2006 correspondence (Rec. Doc. 392-4, p. 23 of 29.)

[7] *See* October 26, 2006 and December 19, 2006 correspondence (Rec. Docs. 366-3, pp. 4 of 12 and 8 of 12).

[8] Exhibits 5 and 6 to the Government's Substantive Response reflect the IRS's policy favoring "swift closure" of "statute cases" and securing extensions only in "unusual circumstances" of durations that are "no longer than is necessary." *See* Government's Substantive Response, Rec. Doc. No. 392-4, pp.10 of 29 through 21 of 29.

3

additionally maintains that, contrary to Plaintiff's assertions, he was not precluded – between December 2006 and April 15, 2007 – from pursuing an administrative refund claim based on the 2002 carryback. Rather, the Government contends, if such a claim had been properly filed, the IRS simply would have re-opened its administration of tax year 2002. Significantly, however, the Government explains that Plaintiff's mere inclusion of the words "please reinstate the 2002 Carryback Claim" in his December 6, 2006 letter[9] was not sufficient to put that claim under consideration by the IRS. Rather, as of that time, Plaintiff had withdrawn his previously submitted 2002 carry back claim (in 2004) and the IRS had administratively closed Plaintiff's tax year 2002. Thus, as Plaintiff's own August 14, 2004 letter and acknowledgment reflect, if he had wanted the IRS to consider this 2002 carryback claim once he had obtained the additional required information, he had to "file another refund claim." According to the Government, however, he never did that.

As the Government emphasizes, Plaintiff's 2002 carryback claim was voluntarily dismissed from this litigation, which has since proceeded to trial, final judgment, and appeal of tax year 1999 issues. Further, none of Plaintiff's numerous submissions show the Government's explanation of the events referenced in Plaintiff's motion to be fallacious. For these reasons, the Court finds no legal basis for upsetting that verdict or its judgment. And, in any event, Plaintiff previously chose to present his assertions regarding his 2002 carryback claim to the United States District Court for the Northern District of Illinois in October 2007. That court rejected his claim and

---

[9] *See* December 19, 2006 correspondence (Rec. Doc. 366-3, p. 4 of 12).

Plaintiff abandoned his appeal of that decision.[10] Plaintiff must now live with that choice notwithstanding his apparent dissatisfaction with the Illinois court's treatment of his claim.

## II. Motions Regarding "Carryback" Claims (Rec. Docs. 345 and 347)

Plaintiff's motion bearing record document number 345 asks the Court to consider his previously dismissed loss carryback claim for the 2002 tax year. In the motion bearing record document number 347, Plaintiff re-urges this request and additionally asks the Court to order the IRS to "examine and modify [his] 2002, 2003, 2004, and 2005" tax returns to reflect the jury verdict rendered in this matter relative to the fair market value of his CoreComm Ltd. stock. Having considered the parties' submissions, **IT IS ORDERED** that the motions (Rec. Docs. 345 and 347) are **DENIED**.

In responding to Plaintiff's motion, the Government emphasizes that final judgment has been rendered in this refund lawsuit following the completion of a jury trial and resolution of all matters then presented for the Court's determination. Thus, argues the Government, this action is *closed* and not available for consideration of new or renewed claims. In addition, the carryback claims for tax year 2002 previously were voluntarily dismissed by Plaintiff from this action – in recognition of the Court's lack of subject matter jurisdiction over them – so that he could seek the *necessary* administrative review and *then* "file a new action [in the appropriate district court]." *See* Rec. Doc. 121. The Government maintains, however, that Plaintiff failed to timely file an administrative refund claim.[11] The Government also contends that the Eastern District of Louisiana

---

[10] *See Henry v. Gavin, et al.,* No. 07-05649 (N.D. Ill.), *appeal dismissed for want of prosecution,* No. 08-1314 (7th Cir. 2008).

[11] The Government's statement of this position is set forth in, *inter alia*, record documents 346 and 392.

5

is not the proper judicial venue given Plaintiff's Illinois residency and, in any event, that the District Court for the Northern District of Illinois already has rejected Plaintiff's claims.[12]

Plaintiff has not demonstrated the contrary to be true in any of his numerous submissions. And, as noted, the action is closed. Thus, as stated with respect to Plaintiff's motion for a new trial, these claims are not now properly brought before this Court.

### III. Motions Demanding Judicial Notice (Rec. Docs. 342, 348, 371 and 373)

Having carefully reviewed the parties' submissions, **IT IS ORDERED** that Plaintiff's motions demanding that the Court take judicial notice under Federal Rule of Evidence 201 (Rec. Docs. 342, 348, 371, and 373) are **DENIED**. These motions address legal rulings that were reviewed and affirmed on appeal by the Fifth Circuit and/or were rejected as part of the Fifth Circuit's consideration of Plaintiff's judicial misconduct complaints against the undersigned. *See Henry v. United States of America, Internal Revenue Service*, No. 07-30581, 277 Fed. Appx. 429, 2008 WL 1976616 (5th Cir.). In particular, this Court has previously found that it has no jurisdiction over the matter referred to in the April 30, 2007 Judgment as the "2004 additional tax assessment for the 1999 tax year."[13] For that reason, the Court dismissed *without prejudice* any claim urged as part of this action regarding that additional tax assessment.[14] These rulings were included in the

---

[12] *See Henry v. Gavin, et al.,* No. 07-05649 (N.D. Ill.), *appeal dismissed for want of prosecution,* No. 08-1314 (7th Cir. 2008).

[13] Thus, Plaintiff's repeated *res judicata* and collateral estoppel arguments are without merit and, even so, are *not* appropriately urged to this Court in the context of this proceeding.

[14] In other words, neither the jury nor the undersigned decided the merits of the 2004 additional tax assessment as part of this proceeding.

6

Court's April 30, 2007 Judgment *and* affirmed by the Court of Appeals. *See Henry*, 277 Fed. Appx. at 434, 2008 WL 1976616, *4. Thus, final judgment has been rendered *closing* this civil action.

In addition, disputed factual issues and proper applications of legal principles, which are the focus of Plaintiff's motions, are not appropriately addressed under Rule 201. Rather, that rule authorizes judicial notice of only adjudicative *facts* that "are not subject to reasonable dispute." *See* Fed. R. Evid.201; *Taylor v. Charter Medical Corp.*, 162 F.3d 827, 829-832 (5th Cir. 1998).

IV.     **Motions for Sanctions (Rec. Docs. 350, 351, 353 and 357)**

Having carefully considered several of Plaintiff's numerous motions for sanctions, **IT IS ORDERED** that the motions bearing record document numbers 350, 351, 353, and 357 are **DENIED** and are *not* to be re-urged. In support of these motions, Plaintiff contends that Attorney Lynne Murphy has wrongfully prevented him from amending his 2002 tax return to reflect the provisions of the April 30, 2007 Judgment. The Court understands that the IRS declined to allow the proposed amendment because Plaintiff did not properly seek an administrative refund prior to the April 15, 2007 deadline, and had not timely agreed to extend the deadline beyond that date. *See* Rec. Docs. 346 and 352. Plaintiff also maintains that Ms. Murphy, other Justice Department attorneys, and various IRS and Treasury Department personnel either tampered with evidence (various documentation), concealed this conduct, or improperly failed to investigate Plaintiff's allegations.

As explained in connection with Plaintiff's "carryback claim" and new trial motions (Rec. Docs. 366, 345 and 347), the propriety of this alleged conduct by the IRS and/or Ms. Murphy during the course of an administrative proceeding is not properly before this Court in the context of this lawsuit, which has been *closed* by entry of a final judgment and its affirmance. Nor does the

7

Court find, on the showing made, that Ms. Murphy or the other named persons have acted in a manner warranting a judicial sanction, or referral *by the undersigned* for attorney disciplinary proceedings or criminal investigation and prosecution.

**V.    Motions to Enforce Judgment and for Sanctions (Rec. Docs. 358, 364, 374, 378, and 380)**

With the motions bearing record document numbers 358, 364, 374, 378, and 380 Plaintiff asks the Court to enforce the judgment rendered in this matter, find Attorney Lynne Murphy in contempt of court, order Ms. Murphy's immediate incarceration until the judgment is paid, and quash all allegedly improper attempts by the Government to seize the refund awarded in his favor. These motions address certain legal rulings that were reviewed and affirmed on appeal by the Fifth Circuit and/or were rejected as part of the Fifth Circuit's consideration of Plaintiff's judicial misconduct complaints against the undersigned. *See Henry v. United States of America, Internal Revenue Service*, No. 07-30581, 277 Fed. Appx. 429, 2008 WL 1976616 (5th Cir.). In particular, this Court has previously found that it has no jurisdiction over the matter referred to in the April 30, 2007 Judgment as the "2004 additional tax assessment for the 1999 tax year."[15] For that reason, the Court dismissed *without prejudice* any claim urged as part of this action regarding that additional tax assessment.[16] These rulings were included in the Court's April 30, 2007 Judgment *and* affirmed by the Court of Appeals. *See Henry*, 277 Fed. Appx. at 434, 2008 WL 1976616, *4.

---

[15]    Thus, as explained in Section V, Plaintiff's repeated *res judicata* and collateral estoppel arguments are *not* appropriately urged to this Court in the context of this proceeding.

[16]    In other words, neither the jury nor the undersigned decided the merits of the 2004 additional tax assessment as part of this proceeding.

Further, even if any or all of the requested relief is otherwise available against the Government and/or Ms. Murphy, in particular, it is not sufficiently apparent, from the showing made, that Plaintiff is legally entitled to have the amount of the April 30, 2007 Judgment paid to him, rather than being credited against any remaining unpaid income tax liability.[17] Nor does the Court find, on the showing made, that Ms. Murphy has acted in a manner warranting a judicial sanction.

## VI. Motion for Reconsideration on Res Judicata Issues (Rec. Doc. 382)

Plaintiff seeks reconsideration of a portion of the Court's March 29, 2010 Order and Reasons.[18] In particular, Plaintiff argues that, because the Government previously failed to timely file a counterclaim regarding that tax liability in this action, it may not seek to recover any additional taxes for the 1999 tax year. As the Court has explained, however, it previously found that it had no jurisdiction over the matter referred to in the April 30, 2007 Judgment as the "2004 additional tax assessment for the 1999 tax year." For that reason, the Court dismissed *without prejudice* any claim urged as part of this action regarding that additional tax assessment.[19] These rulings were included in the Court's April 30, 2007 Judgment *and* affirmed by the Court of Appeals. *See Henry*, 277 Fed.

---

[17] Significantly, the Tax Court recently granted summary judgment in the Government's favor and denied the relief sought by Plaintiff. *See Henry v. Commissioner*, No.17055-08-L (U.S. Tax Court) (April 26, 2010)(Rec. Doc. 43). In that decision, the Tax Court determined, *inter alia*, that it had jurisdiction regarding tax year 1999. It further concluded that Plaintiff is not entitled to challenge the underlying tax liability relative to what the undersigned and the parties have referred to as the "2004 Assessment." On April 30th, Plaintiff appealed the ruling to the United States Court of Appeals for the Seventh Circuit.

[18] It is ordered that Plaintiff's motion bearing record document 389, which seeks to supplement this motion for reconsideration, is granted.

[19] In other words, neither the jury nor the undersigned decided the merits of the 2004 additional tax assessment as part of this proceeding.

9

Appx. at 434, 2008 WL 1976616, *4. Thus, even if Plaintiff is correct regarding the implications of the Government's failure to file a counterclaim in this suit, which the Court does not decide,[20] his arguments regarding *res judicata* and collateral estoppel are *not* appropriately asserted to this Court in this *closed* action.[21]

## VII. Motion for Subpoena and Evidentiary Hearing (Rec. Doc. 359)[22]

With this motion, Plaintiff seemingly requests production of Treasury Department documents related to Plaintiff's litigation in Illinois and his criminal proceeding in New Orleans, Louisiana. On the showing made, **IT IS ORDERED** that the motion (Rec. Doc. 359) is **DENIED**. The scope of the documentation sought by Plaintiff is not entirely clear to the Court. Further, it appears likely that Plaintiff's requests already have been determined by this Court, the Illinois courts, the Fifth Circuit Court of Appeals, or the Seventh Circuit Court of Appeals. Or, if the matter remains unresolved, it not clear that it is one properly determined by the undersigned. Thus, the Court strongly recommends that Plaintiff seek the assistance of experienced counsel in determining the most appropriate manner to proceed relative to obtaining the requested information.

---

[20] Citing *Gustin v. United States*, 876 F.2d 485, 490 n.1 (5th Cir. 1989), the Government maintains that the counterclaims contemplated by 26 U.S.C. §7422(e) are not compulsory.

[21] With respect to Plaintiff's May 17, 2010 motion seeking judicial notice (Rec. Doc. 386), the Court, of course, takes notice of the *contents* of the official court records in this particular action, the Fifth Circuit's appeal, and the records of the Tax Court and the United States Court of Appeals for the Seventh Circuit. For essentially the same reasons stated with respect to Plaintiff's motion for reconsideration (Rec. Doc. 382), however, the Court denies any additional relief sought by Plaintiff as part of his motion seeking judicial notice.

[22] To the extent that Plaintiff's motion bearing record document number 365, which seeks leave to file a reply memorandum, is granted.

## VIII. Conclusion

This Court and other courts have noted Plaintiff's multitude of repetitive and duplicative submissions that have demanded an unwarranted expenditure of resources by the federal court system and the Government. And, as previously stated in the March 29, 2010 Order, the Court *strongly* condemns the inappropriate, irrelevant, malicious, and insulting comments regarding Ms. Murphy and others that are repeated throughout many of Plaintiff's prior submissions. Given these circumstances, **IT IS FURTHER ORDERED** that Plaintiff shall not file any additional motions in this action without first seeking leave of court to do so and certifying, in writing, that the proposed submission is not repetitive or duplicative and does not contain any inappropriate, irrelevant, malicious, and/or insulting comments. Failure to comply with this order may result in filings being stricken from the record and/or the imposition of significant financial and/or other sanctions.

New Orleans, Louisiana, this 21st day of June 2010.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**